IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL DEWAYNE ANDERSON,        :

    Plaintiff,                   :

vs.                              :    CIVIL ACTION 03-0250-CB-L

HERMAN YOUNG THOMAS,             :

    Defendant.                   :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  Upon consideration of the complaint, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I.  Complaint (Doc. 1).**

Plaintiff named as the sole defendant, Herman Young Thomas, a circuit court judge for Mobile County, Alabama.   Plaintiff states that he previously filed a tort claim in "Mobile County Civil Division" against defendant Thomas for "homosexual advancements in exchange for lesser sentencing."  Plaintiff avers he then filed an appeal to the Civil Court of Appeals and to the Alabama Supreme Court.  In addition, plaintiff alleges he "presented affidavits and a complaint to the District Attorney's Office in Mobile County, and also to the Attorney General of Alabama, Bill Pryor.  No action has been taken in the state court."  Plaintiff describes his claim as "sexual harassment in exchange for sentencing help."  For relief, plaintiff requests $250,000.00 in compensatory damages and $50,000,000.00 in punitive

damages.

In support of his federal complaint, plaintiff attached a copy of the complaint that he filed in Mobile County District Court, which he signed on November 29, 2003.  This state-court complaint had four exhibits attached to it, which plaintiff contended demonstrated that defendant Thomas "demanded sexual favors for justice in the courtroom."[1]  In plaintiff's affidavit that is incorporated into the body of the state-court complaint, he stated he had "been subjected to the intimidations of Herman Young Thomas [sic] homosexual desires for his personal gain, and has had the opportunity to come face to face with obstruction of justice from the hand of Herman Thomas . . . [and has] presented these inflictions of injustice" to various official entities.

Then, in exhibit 4(a), which is a copy of another affidavit subscribed by plaintiff, plaintiff stated that he was in prison in 1989 when his father died and that his sister with defendant Thomas's assistance made arrangements for plaintiff to attend his father's funeral.  After the funeral, plaintiff stated defendant Thomas told plaintiff to contact him once plaintiff was released and he would help plaintiff.  When plaintiff was released in 1994, he alleged that he contacted defendant Thomas, but defendant Thomas's "help was to get involved in a homo-sexual act with him."  Plaintiff asserts when he refused the offer, defendant Thomas told plaintiff that if trouble came plaintiff's way, he could help, but if plaintiff refused, he could make it hard on plaintiff.  Plaintiff maintains defendant Thomas has made "it

---

[1] Exhibits 1 through 4 are attached to the state-court complaint.  Each exhibit is an affidavit that reflects in its title that it was filed in the Circuit Court for Mobile County, Alabama.  The disparity between plaintiff filing a complaint in the Mobile County District Court and the affidavits containing a title referring to the Mobile County Circuit Court is of no moment because it is not material to this court's report and recommendation.

hard from the District Court to the Circuit Court." Plaintiff asserted that during 2001, he made his complaint known to numerous entities, namely, courts, judges, a television station, the Alabama Ethics Commission, the Judicial Inquiry Commission, and the Alabama Bar Association, and he indicated the court rulings were chiefly dismissals.

The state-court complaint also had a copy of affidavits from two other men, (exhibits 2 and 3), who related defendant Thomas propositioned each of them to engage in homosexual acts with him, but they refused and were then threatened with incarceration in prison, and ultimately were sent to prison. Another man recounts in an affidavit that he witnessed a probationer being picked up from the streets by defendant Thomas, that he was told by the probationer that the probationer plays a "sex game" with the defendant, that he saw other inmates be released temporarily from the jail to defendant Thomas, and that he was told by a temporarily released inmate that the temporarily released inmate was having an affair with the defendant.

Plaintiff's present complaint also reflects that plaintiff is presently serving a life sentence for murder, which commenced on March 5, 1997. No information is provided showing that defendant Thomas had any involvement with plaintiff's present conviction and sentence. Furthermore, when asked the date that the complained of action occurred, plaintiff responded with "N/A" (Doc. 1, at 4).[2]

---

[2]The court observes that plaintiff has filed several actions in this court. *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981) (holding a court may take judicial notice of its records). Of particular interest are his two previously filed habeas petitions, *Anderson v. Mitchem,* Civil Action No. 99-0352-CB-M (S.D. Ala. June 6, 2000) (1990 conviction for theft of property, first degree), and *Anderson v. Jones,* Civil Action No. 00-0207-RV-S (S.D. Ala. Feb. 7, 2003) (1997 murder conviction). The recommendations entered in each action did not contain a reference to defendant Thomas or to acts about which plaintiff is presently complaining. Even though the petition in *Anderson v. Mitchem* was dismissed as being barred by the one-year statute of

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[3]  Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v.*

---

limitations for habeas actions, the recommendation identified the ground raised by plaintiff.

[3] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered.  *See Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

*Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

### III.  Discussion.

When Congress enacted the Prisoner Litigation Reform Act of 1996 ("PLRA"), it mandated the courts screen a complaint filed by a prisoner and dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(I- iii); *see Bilal*, 251 F.3d at 1348-49.  Therefore, in order to avoid dismissal prior to service of process, a prisoner must supply sufficient factual information to overcome § 1915(e)(2)(B)'s grounds for dismissal.  *Baxter v. Rose,* 305 F.3d 486, 490 (6th Cir. 2002) (holding the PLRA placed a heightened pleading burden on an inmate plaintiff by enacting a screening process that causes the dismissal of a complaint if the court finds the complaint is frivolous or fails to state a claim upon which relief can be granted).  Even though the court will liberally construe a *pro se* plaintiff's allegations, the court does not have "license . . . to re-write [a] . . . deficient pleading in order to sustain an action. . . ."  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Accordingly, after screening the plaintiff's complaint, the undersigned finds that the complaint fails to invoke this court's jurisdiction because plaintiff has not alleged that he has suffered an injury as result of defendant Thomas's alleged actions.

"'[T] he party invoking federal jurisdiction bears the burden of establishing [the] existence'" of a case or controversy.  *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 103-04, 118 S.Ct. 1003, 1017, 140 L.Ed.2d 210 (1998).  That is, "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'"  *Valley Forge Christian*

*College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 475, 102 S.Ct. 752, 760, 70 L.Ed.2d 700 (1982). A party invoking the court's authority is required "to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Id.* at 472, 102 S.Ct. at 758 (quotation marks and citations omitted).

A federal court therefore can only decide the rights of litigants to an actual controversy, and cannot decide a matter simply because a litigant requests the federal court to determine the litigant's legal rights. *Id.* at 471, 102 S.Ct. at 758-59. "'[T]he oldest and most consistent thread in the federal law . . . is that the federal courts will not give advisory opinions." *Flast v. Cohen,* 392 U.S. 83, 95-97, 88 S.Ct. 1942, 1950-51, 20 L.Ed.2d 947 (1968) (quoting C. Wright, Federal Courts 34 (1963)). "The exercise of judicial power, which can so profoundly affect the lives, liberty, and property of those to whom it extends, is therefore restricted to litigants who can show 'injury in fact' resulting from the action which they seek to have the court adjudicate." *Valley Forge Christian College,* 454 U.S. at 473, 102 S.Ct. at 759.

> There must be a 'personal stake in the outcome' such as to 'assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). . . . Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. *Massachusetts v. Mellon*, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923). The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' (Citations omitted).

*O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974); *accord Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996) (In order for an inmate to state a claim for denial of access to courts, an inmate must show that he has suffered an injury, or will imminently suffer an injury; otherwise the inmate does not have standing to bring a claim for denial of access to the courts.).

> A litigant who invokes the federal court's jurisdiction is required by Article III to
>
>> "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450 (1976).

*Valley Forge Christian College,* 454 U.S. at 758, 102 S.Ct. at 472. Thus, plaintiff's failure to demonstrate an injury precludes the court from exercising its jurisdiction over his action.

In addition, the federal court's prudential principles require that a litigant "'assert his own legal rights and interests, and [not] rest his claim to relief on the legal rights or interests of third parties.'" *Id.* at 760, 102 S.Ct. at 474 (quoting *Warth v. Seldin*, 422 U.S. at 499, 95 S.Ct. at 2205). A litigant who advances a claim other than his own claim will be found not to have standing, and the action will be dismissed for lack of jurisdiction. *Id.*

In *O'Shea, supra,* black citizens and indigent citizens complained about two judges' allegedly discriminatory enforcement and administration of the county's criminal justice system and sought to have these practices enjoined. The judges were alleged (1) to set bond according to an unofficial fixed

schedule without regard to the facts of the case; (2) to impose higher sentences and harsher conditions than those imposed against white citizens; and (3) to require persons who could not pay a fine to pay for a jury trial instead. Plaintiffs maintained these actions were taken to deprive them of judicial protection and to deter their efforts to conduct a boycott or other similar activities. No specific instances were alleged that involved the named plaintiffs, and at the time of filing, no named plaintiffs were serving an allegedly illegal sentence or were awaiting trial or were being tried.

The Court found that a specific injury had not been alleged in the complaint and observed that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea,* 414 U.S. at 496, 94 S.Ct. at 676. The Court noted that if a plaintiff was serving an unlawful sentence, the complaint would be seeking inappropriate relief under §§ 1981, 1982, 1983, and 1985 because it would be seeking relief from his current custody which is a claim that must be presented in a habeas corpus proceeding. *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Acknowledging that past wrongs are evidence of whether there is a real and immediate threat, the Court sought to identify the future harm that may be suffered. *Id.* The Court identified the future harm as coming from plaintiffs being arrested in the future, charged with criminal law violations, and confronted with bond proceedings, trial, and sentencing by the particular judges. *Id.* This type of harm was deduced by the Court as requiring it to anticipate whether the plaintiffs will be charged with crime and will be appearing before either judge. *Id.* at 497, 94 S.Ct. at 676. The Court reasoned that to find this type of harm the Court would be taken "into the area of speculation and conjecture." *Id.* at 497, 94 S.Ct. at 676-77. This conclusion was supported by the Court's belief that the plaintiffs would conduct

themselves within the law to avoid criminal prosecution and the complained of conduct. *Id.* at 497, 94 S.Ct. at 677. Thus, the threat of injury was found by the Court to be too remote for it to adjudicate the claims. *Id.* at 498, 94 S.Ct. at 677. The complaint, therefore, failed to satisfy the case-or-controversy requirement necessary to invoke federal jurisdiction. *Id.*

In the present complaint, plaintiff identifies his contact with defendant Thomas as occurring at plaintiff's father's funeral and then later in 1994 when plaintiff was released from prison (Doc. 1, Ex. 4). Plaintiff has not pled that he has had any other contact with defendant Thomas, much less any contact that violates a constitutional right. Nor has plaintiff alleged that he has suffered any injury as a result of his refusal of defendant Thomas's alleged proposition.

Like the *O'Shea* Court, this court has been placed in the position of having to speculate as to any present or future injury that plaintiff has or may have. Moreover, the court has to speculate as to the reason plaintiff attached affidavits of other individuals who stated they have observed defendant Thomas's actions or stated their sentences were affected by their refusal of defendant Thomas's proposition because plaintiff does not have standing to assert claims for other individuals and he does not explain the affidavits' relevance. *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (recognizing the "general prohibition of a litigant's raising another persons' legal rights").

In the event plaintiff is attempting to state he believes that he will be subject in the future to retaliation by defendant Thomas for his refusal, plaintiff's allegations do not suggest the nature of the retaliation. The court is left to speculate that the retaliation may occur in a criminal proceeding based on

9

the tenor of the complaint. But like the *O'Shea* Court, this court assumes that upon release from prison plaintiff will abide by the law. Thus, the chance that plaintiff may violate the law and be brought before defendant Thomas is too remote. Therefore, any future injury to plaintiff that would be cognizable in this action is merely speculative. *O'Shea,* 414 U.S. at 498-99, 94 S.Ct. at 677.

Because the reason for the present complaint's filing is not altogether clear to the court, the court will discuss another possible theory. Plaintiff may have intended this court to review the decisions of the state courts that ruled on plaintiff's state-court case against defendant Thomas and found plaintiff's case to be without merit. This court, however, lacks subject-matter jurisdiction to review a final judgment of a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed.2d 362 (1923). "Review of such judgments may be had only in [the United States Supreme Court]." *Id*. The *Rooker-Feldman* doctrine not only precludes a federal district court from reviewing federal issues that were raised in state court proceedings, but also those federal issues that should have been raised in state court proceedings because they are "inextricably intertwined" with a state court's judgment. *Id.* at n.16, 103 S.Ct. at n.16. Furthermore, "[a] litigant may not escape application of the [*Rooker-Feldman*] doctrine by merely electing not to appeal an adverse state trial court judgment." *Id.*; *see Rolleston v. Eldridge,* 848 F.2d 163, 165 (11th Cir. 1988) ("A § 1983 action in federal district court is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court.").

In regard to plaintiff's allegations of attempting to institute criminal proceedings in the state

courts and not being successful, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. United States Attorney General*, 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)).  Moreover, this court does not mandate state officials to take certain actions. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (holding that the federal courts "have no authority to issue [a writ of mandamus] to direct state courts or their judicial officers in the performance of their duties." (internal quotation marks omitted)).  Nor will this court interfere with a prosecutor's decision of whether to prosecute. *United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983) ("As a general rule, the courts are not free to interfere with the prosecuting officer's discretionary decision to prosecute crime."); *see Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 379-82 (2d Cir. 1973) (affirming the dismissal of a complaint seeking the investigation and prosecution of persons who allegedly violated federal and state criminal statutes).  Thus, any claim that plaintiff would bring to seek the prosecution of the defendant or to mandate that state officials prosecute defendant is without legal merit.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff has failed to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the Report and

Recommendation.

**DONE and ORDERED** this 2nd day of December, 2004.

 /s/ Kristi D. Lee

**KRISTI D. LEE**

**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
## AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**KRISTI  D.  LEE**
**UNITED STATES MAGISTRATE JUDGE**
